```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
JOHN RANDALL FUTCH,             :
                                :    Civil Action No. 08-3469 (RMB)
          Plaintiff,            :
                                :
     v.                         :    MEMORANDUM OPINION
                                :
J. MCKINNON, et al.,            :
                                :
          Defendants.           :
```

**APPEARANCES:**

Plaintiff pro se
John Randall Futch
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

    Plaintiff John Randall Futch, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

    Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless

he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Here, when Plaintiff originally submitted his Complaint [1], he failed either to prepay the filing fee or to submit an application for leave to proceed in forma pauperis.  In addition, as this Court previously noted, while incarcerated, Plaintiff has had several cases dismissed as frivolous or for failure to state a claim, including: Futch v. Drug Enforcement Agency, Civil Action No. 07-0057 (S.D. Ga.); Futch v. Wheeler, Civil Action No. 07-1163 (C.D. Ill.); Futch v. Drug Enforcement Administration, Civil Action No. 06-0238 (S.D. Ga.); Futch v. Finnerty, Civil Action No. 05-2529 (D. S.C.); Futch v. Davis, Civil Action No. 05-2589 (D. S.C.).  Finally, the original Complaint failed to state a claim.

Accordingly, on July 24, 2008, this Court entered a Memorandum Opinion and Order [2] administratively terminating this action, noting the substantive deficiencies in the Complaint, and granting Plaintiff leave to move to re-open within 30 days thereafter by so notifying the Court in writing.  The Court further ordered that such writing must include (1) either a complete in forma pauperis application, including an affidavit of indigence and six-month prison account statement, and including an affidavit alleging facts sufficient to establish that Plaintiff is in imminent danger of serious physical injury, or the $350 filing fee and (2) a proposed amended complaint.

This Court has received Plaintiff's Application [3] for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, which this Court construes as a request to re-open this matter.  The Application does not set forth any factual allegations suggesting that Plaintiff is in imminent danger of serious physical injury, as would be required to overcome the three-strikes bar under 28 U.S.C. § 1915(g).  Nor has Plaintiff submitted a proposed amended complaint.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied without prejudice, pursuant to three-strikes bar of 28 U.S.C. § 1915(g), and Plaintiff's request to re-open will be denied.  An appropriate Order follows.

<u>s/Renée Marie Bumb</u>
Renée Marie Bumb
United States District Judge

Dated: <u>January 27, 2009</u>